PjsaRsoN,. C. J.
The petitioner states be bad put in a' substitute, and being advised be is not liable to conscription, applies for a writ of habeas corpus. -I bad considered the provisions of tbe act suspending tbe writ of habeas corpus, and issued many writs before tbe decision of brother Battle in Long’s case. After reading bis opinion, I still think-it' tbe duty of a Judge- to issue writs, and it is proper to give my reasons.
The 1st section of the act specifies the cases in which the writ is to be suspended; the third section provides the mode in which the suspension is to be effected. The question depends on its construction. “ No military or other officer shall be compelled, in answer to any writ of habeas corpus, to appear in person or to return the body of any person detained by him by the authority of the President and Secretary of War, but upon the certificate under oath of the officer having charge of any one so detained, that such person is detained by him as a prisoner ..for -any of the causes hereinbefore specified, under tbe authority aforesaid, inrther .proceedings under tbe writ of-habeas corpus, shall immediately cease and remain suspended so long as this act shall continue in force.” ■
Note. — The cases in the appendix were printed' from the newspaper reports of them.
*444 This section was evidently intended to apply to all cases arising under the act, and provides the mode for carrying’ it'into effect. It was known to Congress that by thb law of the Slate,- Judges are required under a penalty of ¡$2,500 to issue the writs, and the object of this section is, while not interfering with that imperative duty, at the same time to give effect to the act, by snaponding further proceedings on a certain state of facts. . The writs are to, issue as before, and further proceedings to cease on the certificate of the officer. No officer shall be compelled in answer to any writ' of habeas corpus to appear in person, or to return the body. , This assumes that writs will issfie, but the officer shall not be compelled, by a rule, to make return according to the exigencies of the writ, but, inTieu thereof, is to file a certificate, under oath, and thereupon further proceedings shall cease. This takes it for granted that the proceeding is to go on until it arrives at that stage. The certificate is to be made under oath, as a protection to the citizen. There is no provision that in ariy of the cases specified, it shall not be lawful to issue a writ. I am not aware of any principle of law by which a Judge is at liberty to adopt a construction enlarging,one section or restricting another, so as to deprive the citizen of a safe guard, provided by an act which "is to override all individual rights coming iu conflict with it; although the Judge may suppose this safeguard will, in the end, be of no avail, that question does not arise at the outset Is this a remedial act tó be construed liberally V My impression is, it is an act in derogation of common right, and is to be construed strictly ; at all events, the man, in my opinion, is entitled to the writ, and to proceed as he maybe advised.
According to my views of the subject, the. question of construction is not now presented, and I will not now enter into it. My brother Battle construes the words* in the clause of the first section, “ marked with a number 5,” and “ all attempts to avoid military service,” so as to in- *445 elude, the case of a person who, not being liable to conscription, applies for a writ “ for the sole purpose of establishing his claim to exemption,” and arrives at the conclusion that as the application in such a-case is one of the causes mentioned in the act, upon the man’s own showing he is not entitled to the writ. Our statute requires the writ to issue on “probable cause.” The act of Congress does not expressly prohibit it, so if the facts alleged raise a question of law, unless it has been settled and admits of no question and is frivolous, the -writ must issue. The party asks that “the matter may be enquired of,” and as it seems to m.e the -Judge should grant the writ unless he can. say' “it is too plain to talk about.” The proposition that the- mere application for a writ is one of the causes mentioned in the act is startling ! It might be said this extreme construction is not a necessary one, and the proper construction is to include only those persons who, whether' liable or not liable, attempt to avoid military service by keeping out of the way, taking to the -woods, instead of coming up and appealing to the courts to decide upon their rights, giving to the • word ‘-‘avoid” the sense it has in the English statutes of bankruptcy where a, debtor attempts to avoid his creditors by keeping out of the way, secreting himself, &c ; That if the mere application for a writ is an attempt to avoid military service in the mean--iag of the act, the certificate of' the officer under oath is superfluous, for that fact is patent; whereas, if keeping out of the way is meant, the oath would have significance, and show the true cause of- detention, and. there is an incongruity in making the application a cause of detention as it is a consequence and not the cause ; That several well settled rules'of law favor this construction — “where some particulars are enumerated general words must be confined to acts . equsdem generis.” Here is a deserter liarboring deserters — encouraging desertion. -Keeping out of the waj is an act somewhajkof the same sort, but it-is a strange *446 association to class with crim.es and misdemeanors the mere act of applying for a writ; That Congress will not be presumed to intend an extreme exereise ot power, or to-éxereise a doubtful power unless the intention is expressed in plain aiyl direct-words ; That there is no precedent in this country or in England where the privilege of the writ has ever been suspended ' in civil cases, all the precedents are in eases of political offenses, treason, sedition and the like. '
I will not pursue the subject further, my purpose being merely to show that matter worthy of consideration maybe urged against the construction of his honor, so in my opinion I am not warranted. * in adopting the summary mode ot refusing the writ, and am bound to pursue the mode provided by the 3d seetion.
There is another view — the certificate, besides the cause most set out that the man is detained as a prisoner urder the authority of the President or Secretary of War. How can a Judge-know this fact judicially until it is certified? The petitions presented to me state that a substitute had been put in, and tbe party being advised lie is not liable to- conscription, prays for the writ that the matter may be enquired of. I cannot know, as a Judge, that an order, either special or general, had been issued to detain theman as a prisoner for applying for the writ until the certificate of that fact is filed. . ' /
It may be the writ will be of no benefit to the petitioner. Whether the officer, has it in his power, by the generality of. the certificate, to exclude from the. judiciary the question of construction, and whether it was the intention ot Congress to enable him to do so, are questions not presented at this stage óf the proceeding, and which can only arise on the filing of the certificate.' I cannot refuse the writ.